HOWARD DANA AND ASSOCIATES

Plaintiff-Appellee

vs.

THE NAVAJO HOUSING AUTHORITY

Defendant-Appellant

Decided on November 27, 1978

Albert Hale, Gallup, New Mexico, for Plaintiff-Appellee

John H. Schuelke, Schuelke, Wolfe & Rich, Gallup, New Mexico, for Defendant-Appellant

Before NESWOOD, Acting Chief Justice, WALTERS and BLUEHOUSE, Associate Justices

WALTERS, Associate Justice

I.

This Case is on appeal from a judgment of the Window Rock District Court awarding damages to plaintiff of $104,864.14 on two contract causes of action, plus costs in the amount of $25.00, and denying relief for a third contract action.

The facts of the case are as follows: Plaintiff entered into three separate architectural contracts with the defendant in 1970, 1971 and 1972. These contracts were tied with the construction of low-income housing by the defendant. The plaintiff was to be paid a certain fee, usually computed as a percentage of the project cost. Numerous disputes between the parties took place during this period of time, with the end result being a lawsuit filed by the plaintiff against the defen-

dant on March 30, 1976 which alleged that the plaintiff had not been fully paid for any of the contracts.

The defendant argued that the plaintiff had not fully performed the 1971 contract, justifying their withholding of $13,662.00 from the payment due under the 1970 contract. It further argued that the 1972 contract was never legally binding, as it had never been ratified by the United States Department of Housing and Urban Development (HUD), as required by 24 CFR 801.211.

Judge Merwin Lynch found that plaintiff had fully performed under the 1971 contract and ordered the defendant to pay plaintiff the $13,662.00 due under the 1970 contract. He also found that the plaintiff had otherwise been fully paid under the 1971 contract. Judge Lynch ruled that the 1972 contract was valid, notwithstanding lack of HUD approval, as the plaintiff had never been informed of such a condition precedent. He did not award any direct damages, as he found no services had been performed, but he found that the plaintiff had detrimentally relied on the contract and awarded $91,242.14 in consequential damages.

Defendant appealed.

II.

The defendant raised numerous issues in his appeal, but for purposes of simplicity and clarity, they can be summarized as

follows:

1. Did the plaintiff fully perform the 1971 contract?

2. Was the plaintiff fully paid for the 1971 contract?

3. Was the 1972 contract valid as a matter of law?

4. Assuming the 1972 contract was not valid, can the plaintiff still recover under a theory of detrimental reliance?

III.

The first two issues involve primarily questions of sufficiency of evidence. We have reviewed all the evidence presented in the trial court below and conclude that there was sufficient evidence to uphold Judge Lynch's findings on these points. We therefore affirm his judgment awarding the plaintiff $13,662.00 due under the 1970 contract.

IV.

The third issue involves the validity of the 1972 contract. All the parties in this action seem to agree that HUD approval was necessary in order for there to be a binding contract. The reasoning behind this is simple. Since HUD funds were being used to construct these buildings, it is only natural that the agency would want to have the final say in approving all plans and specifications, as well as the legitimacy of the expenses to be incurred.

The plaintiff argues that the contract should still be considered binding because the parties concerned <u>acted</u> as if there were a

contract. This is rather specious logic, however. The whole purpose of the regulation in question is to prevent parties from expending funds, running up expenses and committing themselves to some project which in the longrun may not bear fruition. If parties can get around legal requirements simply be ignoring them, there is no purpose in having such legal requirements in the first place.

We therefore disagree with Judge Lynch that there was a legally binding contract in this case. For the reasons outlined in Part V below, however, our conclusion here does not lead us to overturn the judgment awarding consequential damages.

V.

An examination of the behavior of the two parties to this case, especially that of the defendant, is the deciding factor in this matter. Prior to the termination of his employment as Executive Director of the Navajo Housing Authority, Pat Chee Miller acted as if he were a child let loose in a candy store. Money was spent with little or no regard to economic necessity or accountability to the Federal government. The plaintiff was repeatedly led to believe, in this and prior contracts, that HUD approval was a mere "formality", an "approval" in name only and had always come through before. Miller fostered this belief in his communications to the plaintiff, by his insistence that the plaintiff maintain an office in Window Rock even though the contract had not been approved and by going down to the Bank of New Mexico with the plaintiff and agreeing to an assignment of

the contract. In short, he did everything possible to cause the plaintiff to rely on the contract and did little or nothing to warn him of the legal dangers involved.

It must have come as quite a shock to the plaintiff to discover that HUD approval was not a mere "formality" as he was led to believe but was a very real requirement, that could be - and in this case, was - refused. No doubt the plaintiff will be more careful in the future in entering into agreements with government agencies. We cannot, in good conscious, in the face of the irresponsible behavior of the defendant's agent, not allow the plaintiff to recover his consequential damages. If ever there was a situation where detrimental reliance occured, this is the case. We therefore agree with Judge Lynch's award of consequential damages, which upon review, we believe to have been accurately determined.

VI.

For the reasons stated above, the judgment of the District Court awarding damages to the plaintiff of $104,864.14, plus costs in amount of $25.00, is AFFIRMED.

BLUEHOUSE, Associate Justice, concurs.

NESWOOD, Acting Chief Justice, concurring in Part and Dissenting in Part

I agree with my learned colleagues in Part I-IV of the majority opinion, and with the awarding of $13,662.00 due under the 1970

contract, but must strongly dissent as to Part V and the awarding of consequential damages.

There is no doubt that in this case the plaintiff knew about the requirement of HUD approval.  He as much admitted this in his Appellate Brief.  Even lacking hard proof on this question, it is simply beyond comprehension how an architectural firm which regularly trans- acts business with government entities can claim ignorance of appro- priate govermental regulations.  The fact remains, even if we can assume that the plaintiff was unaware of HUD approval, he should have been aware.

I would point out at this time that detrimental reliance is an equitable remedy, to be applied only when the party in question has justifiably relied on the other party's actions or words.  The end result of the majority opinion will be, I fear, to encourage people to remain ignorant of, if not to outright ignore, the law in this area.

I would therefore AFFIRM the judgment of the District Court in its award of damages of $13,662.00, but would REVERSE the award of $91,242.14.